UNITED STATES BANKRUPTCY COURT
NORTHERN DSITRICT OF NEW YORK

_____

IN RE: Weathermaster Roofing Co., Inc.,


                              Debtor.

_____

Hearing Date: November 4, 2025
Hearing Time: 10:00 a.m.
Hearing Location: Utica, NY

Chapter 11
Sub Chapter V

Case No. 25-60824

**DEBTOR'S MOTION FOR ENTRY, PURSUANT
TO SECTIONS 105(a) AND 364(b) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 4001(C), FOR AN ORDER AUTHORIZING THE DEBTOR
TO INCUR POST-PETITION DEBT**

TO:   HONORABLE WENDY A. KINSELLA, CHIEF UNITED STATES BANKRUPTCY
      JUDGE

Weathermaster Roofing Co., Inc. (the "Debtor"), by its attorneys, Orville & McDonald

Law, PC, respectfully moves this Court pursuant to 11 U.S.C. §§ 105(a) and 364(b), and Rule

4001(c) of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing the

Debtor to obtain post-petition financing from its sole shareholder and parent corporation,

Cobblestone Enterprises, Inc., in the form of a revolving line of credit in an amount not to exceed

$100,000.00. In support of this Motion, the Debtor states as follows:

**JURISDICTION**

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(D).

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory and rule-based predicates for the relief requested are 11 U.S.C. §§ 105(a),

    364(b), and Bankruptcy Rule 4001(c).

**BACKGROUND**

5. On September 12, 2025 (the "Petition Date"), Debtor filed a Voluntary Petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Debtor's Chapter 11 case.

6. The Debtor continues to operate its commercial roofing company as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

7. The Debtor's sole shareholder and parent corporation is Cobblestone Enterprises, Inc., which has historically provided limited financial support as needed to sustain operations during seasonal or cash-constrained periods.

### NEED FOR POST-PETITION FINANCING

9. Due to the face that Debtor is not in control of when receivable payments are made, the Debtor occasionally requires additional short-term liquidity to meet critical post-petition payroll expenses to preserve ongoing operations.

10. Cobblestone is willing to extend to the Debtor a revolving line of credit of up to $100,000.00, on an interest-free basis, to be drawn upon as necessary for working capital needs (the "Financing").

### PROPOSED TERMS OF FINANCING

12. Advances under the Financing will be documented by an intercompany promissory note, and:

(a) shall not exceed $100,000.00 in the aggregate outstanding at any time;

(b) shall bear no interest;

(c) shall be used solely for post-petition payroll expenses; and

(d) shall be repayable from available cash flow.

**MEMORANDUM OF LAW**

15. Section 364(a) of the Bankruptcy Code authorizes a debtor to incur unsecured debt in the ordinary course of business; subsection (b) authorizes the debtor, after notice and hearing, to incur unsecured debt outside the ordinary course.

16. The Debtor cannot obtain unsecured credit allowable only as a general unsecured claim, nor can it secure credit on better terms than those offered by Cobblestone.

17. The proposed Financing is therefore appropriate under § 364(b) as it provides necessary liquidity on fair terms that are demonstrably in the best interests of the estate and creditors.

18. Further, under § 105(a), the Court has authority to enter such orders as are necessary and appropriate to carry out the provisions of the Bankruptcy Code and to preserve the value of the estate pending confirmation.

19. The relief requested is consistent with the provisions and policy of Rule 4001(c), which allows preliminary authorization for post-petition borrowing to prevent immediate and irreparable harm to the estate.

**RELIEF REQUESTED**

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

1. Authorizing the Debtor to obtain post-petition financing from Cobblestone Enterprises, Inc. in an amount not to exceed $100,000.00, on an interest-free basis, upon the terms described herein;

2. Authorizing the Debtor to execute such agreements and documents as may be reasonably necessary to effectuate the Financing;

3. Granting such other and further relief as this Court deems just and proper.

Dated:  10/09/2025     /s/Peter A. Orville

          Peter A. Orville, Esq.
          Orville & McDonald Law, PC
          30 Riverside Drive
          Binghamton, NY  13905
          607-770-1007

Sworn to before me this 9th
Day of October, 2025

/s/ Sheila K. DeSantis_____
Notary Public
State of New York: County of Broome
Reg. No. 4961514
Commission Expires: 2/5/2026